IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

GREGORY T. ERKINS,              )
                                )
            Plaintiff,          )
                                )
    vs.                         )
                                )
AIG INSURANCE COMPANY, a        )
foreign corporation;            )
AIG ALASKA REPRESENTATIVES,     ) Case No. 3AN-04-11727 CF
residents of Alaska,            )
                                )
            Defendants.         )
_____)

## COMPLAINT

COMES NOW, Gregory T. Erkins, by and through counsel, the Law Offices of Steven J. Shamburek, and alleges as follows:

1. On or about March 7, 2000 and since then, Gregory T. Erkins (hereinafter Mr. Erkins) was a resident of Alaska living in the Third Judicial District.

2. On or about March 7, 2000 and since then, Defendant AIG INSURANCE COMPANY and its subsidiaries and affiliates (hereinafter AIG) is/are licensed and authorized to conduct business as an insurer(s) in Alaska.

3. On or about March 7, 2000 and since then, Defendant AIG ALASKA REPRESENTATIVES (hereinafter AIG Alaska Representatives) are the local Alaska Representatives whose names were not disclosed to Mr. Erkins and who are, on information and belief, residents of Alaska employed by AIG and directly involved in handling the claims of Mr. Erkins. These individuals are required to be licensed under the laws of the State of Alaska.

EXHIBIT _1_
Page _1_ of _8_

Their names will become known after further disclosures and discovery of records from Defendants.

### CLAIMS AGAINST AIG AND AIG ALASKA REPRESENTATIVES

4. On or about March 7, 2000, Mr. Erkins was driving north on Arctic Boulevard. At the same time, Mr. Sung K. Kim was driving East on Benson Boulevard. After the light that governed traffic crossing the intersection with Benson Boulevard turned green, Mr. Erkins proceeded through the intersection with Benson Boulevard. At the same time, Mr. Kim drove through the red light that governed traffic crossing the intersection with Arctic Boulevard. Mr. Kim's vehicle impacted Mr. Erkins' vehicle (hereinafter Accident) causing debilitating personal injury to Mr. Erkins and serious property damage to Mr. Erkins' vehicle. Mr. Erkins brought suit against Mr. Kim and later reached a settlement with Mr. Kim with AIG's knowledge and approval.

5. Mr. Erkins was insured by AIG under a policy that included bodily injury liability coverage, and first-party coverages, including underinsured motorist coverage and medical payments. Mr. Erkins was insured under the first-party coverages, including underinsured motorist (hereinafter UIM) coverage. This AIG insurance policy is hereinafter referred to as the "AIG policy".

6. This policy was offered and sold in violation of A.S. 21.89.020(c), which required that uninsured/underinsured motorist (hereinafter UM/UIM) limits of $1,000,000/$2,000,000 be offered unless waived in writing. Further, the policy provisions were

Erkins Complaint p. 2

EXHIBIT 1
Page 2 of 8

unclear, misleading, and not in accordance with stacking required by A.S. 28.20.445 or A.S. 28.22.221.

7. AIG was informed of the above Accident shortly after it occurred. AIG claims personnel, including defendants AIG Alaska Representatives, were directly involved in handling the claims of Mr. Erkins, including telephone conversations and written communications with the representatives. Some AIG claims personnel directed Mr. Erkins to AIG Alaska Representatives. All acts of AIG claims personnel were done in the course and scope of their employment with AIG. AIG and its employees, including AIG Alaska Representatives, owed Mr. Erkins the duty of good faith and fair dealing under the AIG policy.

8. AIG claims personnel, including AIG Alaska Representatives, investigated and evaluated but did not offer the true limits of the UIM coverage. They did investigate and evaluate whether or not a legally adequate offer of up to $1,000,000/$2,000,000 had been made in accordance with A.S. 21.89.020(c), but did not offer these limits. AIG claims personnel quickly recognized, or should have recognized, that Mr. Erkins was covered under the UIM coverage and medical payments (hereinafter med pay) coverages of the AIG policy. AIG was aware that the AIG policy had been offered and sold in violation of A.S. 21.89.020(c). A legally adequate offer was not made, and therefore, UIM limits are $1,000,000/$2,000,000.

9. AIG agreed to reform the insurance coverage to the amounts of the bodily injury coverage. AIG has continued to

Erkins Complaint p. 3

EXHIBIT 1
Page 3 of 8

address Mr. Erkins' concerns and review his claim, although AIG has not agreed to date to offer the true limits of the UIM coverage.

10. In 1990, A.S. 21.89.020 was amended by HB 429 to require insurance companies to offer in automobile liability policies UIM coverage with minimum benefits of $50,000 per person and $100,000 per accident. In addition, A.S. 21.89.020(c)(2) requires that optional higher limits be offered up to $1,000,000/$2,000,000.

11. The "AIG policy" was sold in violation of A.S. 21.89.020 because AIG did not make a legally adequate offer of optional higher UM/UIM limits up to $1,000,000/$2,000,000.

12. In Peter v. Schumacher Enterprise, Inc., 22 P.3d 481 (Alaska 2001) and earlier cases, the Alaska Supreme Court held that Alaska law requires an insurer to offer the range of available higher coverage and the price of the higher coverage. The insurance company then must obtain a knowing waiver from the insured if the insured declines the available higher coverage. Mr. Erkins was not presented with the range of available higher coverage. If he had been presented with the range of available higher coverage, Mr. Erkins would have purchased the maximum limits.

13. The Alaska Supreme Court conducted oral argument in two consolidated petitions for review in the lead case captioned Gov't Emp. Ins. v. Graham-Gonzalez, S-10666 (Nov. 20, 2003). The Superior Court found that there was not an offer of coverage and

Erkins Complaint p. 4

EXHIBIT 1
Page 4 of 8

held that the remedy in such a situation is an open offer with an automatic reformation to the highest available limit. Mr. Erkins has awaited a decision in this case while discussing the resolution of his claim with AIG.

14. In accordance with AIG's inadequate practices and procedures, AIG claims personnel, including AIG Alaska Representatives, negligently did not inform Mr. Erkins that Mr. Erkins had UIM coverage under the AIG policy, nor did they disclose that the policy was sold in violation of A.S. 21.89.020(c), and therefore, had limits of $1,000,000/$2,000,000.

15. In accordance with its inadequate claims practices and procedures, AIG and its employees, including AIG Alaska Representatives, violated the Unfair Claims Settlement Practices Act and Regulations, which required investigation of all UM/UIM and med pay coverages and full disclosure of all coverages and limits. Instead of investigating these coverages and making full disclosure, AIG claims personnel did not discuss stackable UIM coverage and limits from Mr. Erkins, while representing to him that limits of all applicable coverages were being offered. Said concealments and misrepresentations were for the purpose of denying Mr. Erkins the UIM coverage under the AIG policy, plus supplemental payments, interest, and costs.

16. Mr. Erkins relied upon AIG claims personnel including AIG Alaska Representatives, and was deceived by said practices, misrepresentations, and concealment.

Erkins Complaint p. 5

EXHIBIT 1
Page 5 of 8

17. The foregoing tortious acts, practices and procedures were carried out by AIG and its claims personnel, including AIG Alaska Representatives, acting to defeat these claims by an unlawful activities, including concealment of coverage and limits, misrepresentations, and other improper practices, as set forth below. The purpose of said practices was to misrepresent and conceal policy benefits from Mr. Erkins.

18. In furtherance of this tortious conduct, at all times relevant hereto, defendants AIG and AIG Alaska Representatives, managed inadequate UM/UIM claims practices and procedures that were directed against Mr. Erkins. These wrongful practices and procedures directed and caused the bad faith handling of Mr. Erkins' UIM claim and Mr. Erkins' compensatory damages.

19. On information and belief, these wrongful practices and procedures include, but are not limited to: (a) lack of claims forms, instructions, and/or written disclosure and/or written advice to insureds with claims covered by AIG UM/UIM coverage; (b) lack of adequate procedures and training of claims personnel on insurance statutes, regulations and case law and failure to insure compliance with them; (c) lack of adequate procedures and training of claims personnel on Alaska's Unfair Claims Settlement Practices Act and Regulations and failure to insure compliance with them; (d) monitoring, evaluation and approval of inadequate handling of UM/UIM and/or med pay claims by Alaska claims personnel; (e) authorized and approved settlement of UM/UIM, without disclosure of stackable coverages and limits, and without

Erkins Complaint p. 6

EXHIBIT 1
Page 6 of 8

payment of stackable coverages and limits; (f) offering policies for sale in violation of A.S. 21.89.020(c); and (g) using insurance forms that were misleading and not in accordance with Alaska laws regarding mandatory UM/UIM limits and stacking of multiple coverages.

20. AIG's acts and practices were further in violation of the Unfair Claims Settlement Practices Act and Regulations, A.S. 28.20.445, A.S. 28.22.221, and/or A.S. 21.89.020(c), and in violation of the duty of good faith and fair dealing that AIG owed to Mr. Erkins under the AIG policy.

21. As a direct and proximate result of the conduct and activities of defendants AIG and AIG Alaska Representatives, Mr. Erkins has incurred compensatory damages in excess of $75,000 for unpaid benefits, including interest and Rule 82, financial distress, mental and emotional distress, and other compensatory damages, the exact amount to be proven at trial.

WHEREFORE, Mr. Erkins prays for relief as follows:

A. A declaration that he has UM/UIM coverage from defendant AIG in the amount of $1,000,000 because of bodily injury to or death of one person in one accident, and, subject to the same limit for one person, $2,000,000 because of bodily injury to or death of two or more persons in an accident; and

B. A declaration that policies insuring Mr. Erkins be reformed to provide coverage in accordance with the statutory requirements of A.S. 28.20.445 and A.S. 28.22.221 and the above limits; and

Erkins Complaint p. 7

EXHIBIT  1
Page 7 of 8

D.   That AIG be ordered to submit the UM/UIM claims of Mr. Erkins to arbitration or some other court approved mechanism suitable to establish the full value of his UM/UIM claims; and

E.   That AIG be ordered to pay the full insured value of each Mr. Erkins' UM/UIM claims; and

F.   For compensatory damages, the exact amount to be proven at trial; and

G.   For costs, interest and attorney fees as appropriate; and

I.   For such other relief as the Court may deem equitable and just.

DATED this 7th day of October, 2004, at Anchorage, Alaska.

LAW OFFICE OF STEVEN J. SHAMBUREK
Attorney for Plaintiff

By: *[signature]*
Steven J. Shamburek
Alaska Bar No. 8606063
LAW OFFICE OF STEVEN J. SHAMBUREK
425 G Street, Suite 630
Anchorage, Alaska 99501
(907) 522-5339 Direct
(907) 522-5393 Fax

Erkins Complaint p. 8

EXHIBIT 1
Page 8 of 8