Steven J. Shamburek
Alaska Bar No. 8606063
LAW OFFICE OF STEVEN J. SHAMBUREK
425 G Street, Suite 630
Anchorage, Alaska 99501
shamburek@gci.net
(907) 522-5339 Direct

Attorney for Gregory T. Erkins

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GREGORY T. ERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AIG INSURANCE COMPANY, a ) | |
| foreign corporation; ) | |
| AIG ALASKA REPRESENTATIVES, ) | Case No. 3:06-cv-64-TMB |
| residents of Alaska, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MOTION AND MEMORANDUM FOR REMAND**

COMES NOW plaintiff, Gregory T. Erkins, by and through counsel, and files this MOTION AND MEMORANDUM FOR REMAND.

**Introduction**

Mr. Erkins seeks an order remanding this matter to state court. This case involves exclusively state law insurance issues against Plaintiff's insurance company and its Alaska representatives. Mr. Erkins alleges that AIG Insurance Company and its AIG Alaska Representatives failed to offer the available Uninsured and Underinsured (UM/UIM) insurance coverage to him as

required by the applicable Alaska statute and legal authority.[1] The causes of action arise under state law and involve state policy issues.

## The Notice Of Removal Is Defective

Title 28 U.S.C. Section 1446(b) states in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

This 30 day rule has been called the "receipt rule" because the time to remove begins running from the first receipt of the

---

[1] In a letter to Ms. Cyndy Morton with AIG Insurance Company dated May 9, 2005, the undersigned attached a copy of the complaint filed with the state court and summarized the pivotal legal issues as follows:

> Under Alaska law propounded in Peter v. Schumacher Enterprises, Inc., 22 P.3d 481 (Alaska 2001) and earlier cases, the Alaska Supreme Court held that Alaska law requires the insurance company to offer the range of available higher coverage to the insured and also the price of the higher coverage. The insurance company then must obtain a knowing waiver from the insured if the insured declines the available higher coverage. Mr. Erkins was not ever presented with the range of available higher coverage. If he had been presented with the available higher coverage, Mr. Erkins would have purchased the maximum limits of coverage.
>
> The recent decision by the Alaska Supreme Court in Government Employees Insurance Co. v. Graham-Gonzalez, 107 P.3d 279 (Alaska 2005) addresses some of these issues and appears still to require the insured to prove the coverage he or she would have purchased.

The complaint and this legal discussion establish that the issues in this case involve only state insurance law not federal law.

initial pleading by the defendant. Mr. Erkins sent a copy of the complaint to AIG on May 9, 2005 as noted in footnote 1. Mr. Erkins also attempted to serve the Defendants using state procedures. Defendant AIG Insurance Company does not state expressly in the petition when it was served and/or accepted service. As discussed below, the removal statute and the notice of removal are strictly construed. The notice of removal itself must state all critical facts specifically. The notice of removal is fatally deficient.

### All the Defendants Must Join In A Timely Petition For Removal

The notice of removal must be signed by or joined in by all defendants in the state court proceeding. Gableman v. Peoria D. & E. R'y. Co., 179 U.S. 335 (1900). The Court states:

> And it is well settled that a case cannot be removed from a state court into the Circuit Court of the United States on the sole ground that it is one arising under the Constitution, laws or treaties of the United States, <u>unless that appears by the plaintiff's statement of his own claim, and, if it does not so appear, the want cannot be supplied by any statement in the petition for removal or in the subsequent pleadings</u>. . . .
>
> It has also been determined that <u>when the application rests on that ground, and there is more than one defendant, all the defendants must join</u>. . . .

Id. at 337 (Emphasis added; citations omitted). This is known as the "unanimity requirement" or the "rule of unanimity." The AIG Alaska Representatives did not sign or join in the notice of removal. The notice of removal is fatally deficient.

## The Removal Statute Is Strictly Construed In Favor Of State Court Jurisdiction

Compliance with the statutory requirements is statutorily mandated and jurisdictional. The United States Supreme Court frequently reminds parties that because of the limited nature of federal jurisdiction, removal statutes are strictly construed in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). The Court states:

> Not only does the language of the Act evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

Id. at 108-09 (Citations omitted). The federal court must construe removal jurisdiction to limit federal jurisdiction and prevent encroachment on the state court's right to decide actions properly before it. This court should strictly construe the petition for removal against Defendant AIG Insurance Company.

## A Plaintiff Is The Master Of Her Or His Case

"Plaintiff is also undeniably the master of his case. Should he desire to keep the case in state court, he should base the claim squarely on state law rather than assert a parallel federal right." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1196 (9th Cir. 1988). Mr. Erkins elected to file state law causes of action in the state court. He did not assert any federal causes

4

of action.  That election is a plaintiff's fundamental right. This court should respect that election.

### The State Court Complaint Addresses Exclusively State Law Issues That Should Be Addressed By The State Court

This case involves issues of state law and public policy. At least one of the issues in the state court proceeding regarding the appropriate remedy could be appealed to the Alaska Supreme Court.  On issues of first impression or of public import, the Alaska Supreme Court refers to the time-honored standard in footnote six of the decision in Guin v. Ha, 591 P.2d 1281, 1284 at n. 6 (Alaska 1979).[2]  The Alaska Supreme Court states that when construing questions of law, the Court exercises its independent judgment and adopts "the rule of law that is most persuasive in light of precedent, reason, and policy." Id.  This court has the authority to construe precedent.  However, this court should avoid the ratiocination and policy analysis of state law and state public policy issues exercised by the state courts in determining a state rule of law.  If the case is not remanded, this court could find that it should certify an issue or issues to the Alaska Supreme Court.  The issues should be developed in the state court and then appropriately appealed to the Alaska Supreme Court.

### The Defendant Bears The Burden Of Proof

The defendant has the burden of establishing the propriety of removal.  Pullman Co. v. Jenkins, 305 U.S. 534, 540 (1939).

---

[2]  The case was cited and the test reaffirmed in Smith v. Ingersoll Rand Co., 14 P.3d 990, 992 at n. 10 (Alaska 2000) and in other recent cases.

The burden of establishing federal jurisdiction is upon the party seeking removal. <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97 (1921). A defendant must meet its burden of proof in the Notice of Removal itself within the 30 day period, not for the first time in an opposition to a timely motion to remand. Defendant AIG Insurance Company has not met and cannot meet its burden of proof.

## Conclusion

For the reasons set forth above, Mr. Erkins seeks an order remanding this case to state court.

Dated this 17th day of April, 2006.

> LAW OFFICE OF STEVEN J. SHAMBUREK
> Attorney for Plaintiff
> Gregory T. Erkins
>
> By: /s/ Steven J. Shamburek
> _____
> Steven J. Shamburek
> Alaska Bar No. 8606063
> LAW OFFICE OF STEVEN J. SHAMBUREK
> 425 G Street, Suite 630
> Anchorage, Alaska 99501
> shamburek@gci.net
> (907) 522-5339 Direct

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 17th day of April, 2006, a copy of the foregoing was served by the ECF system upon the following:

Mr. Clay A. Young
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska 99501

/s/ Steven J. Shamburek
_____
Steven J. Shamburek