Clay A. Young
Delaney Wiles, Inc.
1007 W. 3rd Ave., Ste. 400
Anchorage, AK  99501
907-279-3581
907-277-1331 fax
cay@delaneywiles.com

Attorneys for Defendant
AIG Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGORY T. ERKINS,<br><br>          Plaintiff,<br><br>     vs.<br><br>AIG INSURANCE COMPANY, a foreign corporation; and AIG ALASKA REPRESENTATIVES, residents of Alaska,<br><br>          Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:06-cv-00064 TMB<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION TO MOTION FOR REMAND**

Defendant, AIG Insurance Company ("AIG"), the only legitimately named defendant, through counsel Delaney Wiles, Inc., opposes Plaintiff Gregory T. Erkins' motion for remand.  Erkins seeks remand of this case because: (1) the removal did not take place within 30 days after the case became removable; and (2) all the defendants did not

join in the petition for removal. For the reasons explained below, Erkins' motion to remand lacks merit and should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 7, 2004, Erkins filed a complaint in the Superior Court for the State of Alaska. *See* Complaint at 1-8. In his complaint, Erkins states that on March 7, 2000, he was involved in a vehicle accident with Sung K. Kim which allegedly caused personal injury to Erkins, as well as property damage to his vehicle. *Id.* at 2. Erkins was insured by an AIG policy. *Id.* Erkins claims, among other things, that the policy was sold in violation of AS 21.89.020(c), which required uninsured/underinsured motorist limits ("UM/UIM") limits of $1,000,000/$2,000,000 be offered unless waived in writing. *Id.* Erkins claims that AIG did not offer him the $1,000,000/$2,000,000 UM/UIM limits. *Id.* at 2-4. Erkins alleges that AIG violated Alaska's Unfair Claims Settlement Practices by not offering him the $1,000,000/$2,000,000 UM/UIM limits. *Id.* at 6. AIG vigorously disputes the claims made in Erkins' complaint. *See* Answer.

While Erkins filed his complaint with the state court on October 7, 2004, he did not serve any of the defendants within the 120 days required under Alaska Rule of Civil Procedure 4(j). Erkins then asked for and obtained three extensions of time to facilitate proper formal service of the complaint on the defendants. *See* Court Orders Dated 2/16/05, 6/21/05, 11/07/05. The most recent order gave Erkins until March 7, 2006 to serve the defendants with the summons and complaint. *See* Court Order Dated 11/07/05. As the

Opposition to Motion to Remand
Page 2 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

parties were then, and still are, attempting to settle the case, AIG did not oppose the extensions of time to serve the defendants.

On or about February 24, 2006, defense counsel for AIG Insurance Company accepted service of the complaint for AIG Insurance Company. *See* Affidavit of Counsel.[1] On March 10, 2006, AIG Insurance Company filed and served its answer. *See* Answer. To date, Erkins has not served the "AIG Alaska Representatives" with the summons and complaint, nor could he since these entities do not exist.

On March 24, 2006, AIG Insurance Company timely removed this case to federal court within thirty days of formal service of the complaint. *See* Notice of Removal. The parties to this case are diverse as AIG Insurance Company is a corporation organized under the laws of the State of New York and has its principal place of business in New York and Erkins is an Alaska resident. *See* Notice of Removal at 2-3. The amount in controversy exceeds $75,000, as Erkins is seeking over $75,000 as set forth in his complaint. *See* Complaint.

---

[1] The reason for the uncertainty is caused because defense counsel notified plaintiff's counsel that it would accept formal service for AIG Insurance Company over the telephone. The formal copy of the complaint and summons has not been located in defense counsel's file. However, it is not disputed that at the earliest, the formal acceptance of service did not take place prior to February 24, 2006.

Opposition to Motion to Remand
Page 3 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

# ARGUMENT

**I.  All Defendants Who Are Parties To This Case Joined In The Removal**

Erkins argues that AIG Insurance Company's removal of this case was improper because all of the defendants did not join in the removal.  *See* Motion to Remand at 3.  Erkins' argument is legally and factually incorrect.

"Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties."  *Riggs v. Plaid Pantries, Inc.*, 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)).  Under 28 U.S.C. § 1441(b), actions "shall be removable only if none of the parties in interest <u>properly joined and served</u> as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b) (emphasis added).  It is the law of the Ninth Circuit, "that defendants upon whom service has not been effected at the time the notice is filed, need not join the notice of removal."  *Republic Western Ins. Co. v. International Ins. Co.*, 765 F. Supp. 628, 629 (N.D. Cal. 1991) (citing *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984)); *see also State of Ala. ex rel. Patterson v. Jones*, 189 F. Supp. 61, 64 (M.D. Ala. 1960) (concluding that fact that only one of respondents petitioned for removal to the federal court, and other respondents did not join in such petition, did not preclude federal court from acting in action removed from state court, where the only respondent served was the party that removed case, since under such circumstances the removal was

Opposition to Motion to Remand
Page 4 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

effected as to all). In other words, "a resident defendant who has not been served may be ignored in determining removability." 14A C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 3723 at 341 (2d ed. 1985).

Here, Erkins has captioned his complaint against two defendants: (1) AIG Insurance Company and (2) AIG Alaska Representatives. *See* Complaint at 1. But, despite having numerous extensions of time to serve all of the defendants he named in his complaint, Erkins has never served the "AIG Alaska Representatives." *See* Court Orders Dated 2/16/05, 6/21/05, 11/07/05. The most recent order gave Erkins until March 7, 2006, to serve the defendants with the summons and complaint. *See* Court Order Dated 11/07/05. Erkins did not serve the "AIG Alaska Representatives" by March 7, 2006. Defense counsel for AIG Insurance Company only accepted service of the complaint for AIG Insurance Company, and did not accept service for any other entity. *See* Affidavit of Counsel. Moreover, as AIG Insurance Company is not aware of the existence of any "AIG Alaska Representatives," Erkins will never be able to serve these individuals. There are no "AIG Alaska Representatives" who are defendants in this case. Because "AIG Alaska Representatives" do not exist, were not served and joined, and are not parties to this case, AIG Insurance Company did not and could not have violated the "unanimity requirement." The Court should therefore deny Erkins' motion to remand.

Opposition to Motion to Remand
Page 5 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

**II.   AIG Insurance Company Removed This Case Within 30 Days Of Defense Counsel Accepting Formal Service Of The Complaint**

Erkins argues that AIG Insurance Company's removal of this case was improper because AIG Insurance Company did not remove the case within thirty days after AIG Insurance Company received a courtesy copy of the complaint. *See* Motion to Remand at 2.  Erkins reasons that because he sent a courtesy copy of the complaint to AIG on May 9, 2005, AIG's receipt of the complaint triggered the 30-day time period for removal. *See* Motion to Remand at 2.  In essence, Erkins is arguing that the 30-day time period for removal can start even though a defendant has not been formally served with a copy of the summons and complaint. *See id.*  Erkins' argument is incorrect at a matter of law.

The federal removal statute, 28 U.S.C. § 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The United States Supreme Court has construed this statute to mean that a named defendant's time to remove is not triggered by the defendant's informal receipt of a courtesy copy of the complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding that 30-day removal period began to run not when

Opposition to Motion to Remand
Page 6 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

defendant received faxed, file-stamped copy of complaint, but rather, when defendant was later formally served by certified mail).

As explained by the Court in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*:

> On January 26, 1996, respondent Michetti Pipe Stringing, Inc. (Michetti), filed a complaint in Alabama state court seeking damages for an alleged breach of contract and fraud by petitioner Murphy Bros., Inc. (Murphy). Michetti did not serve Murphy at that time, but three days later it faxed a "courtesy copy" of the file-stamped complaint to one of Murphy's vice presidents. The parties then engaged in settlement discussions until February 12, 1996, when Michetti officially served Murphy under local law by certified mail.
>
> On March 13, 1996 (30 days after service but 44 days after receiving the faxed copy of the complaint), Murphy removed the case under 28 U.S.C. § 1441 to the United States District Court for the Northern District of Alabama. Michetti moved to remand the case to the state court on the ground that Murphy filed the removal notice 14 days too late. The notice of removal had not been filed within 30 days of the date on which Murphy's vice president received the facsimile transmission. Consequently, Michetti asserted, the removal was untimely under 28 U.S.C. § 1446(b).

*Id.* at 348.

The supreme court disagreed with Michetti. In reaching its decision, the Court explained that what was at issue was

> the time within which a defendant named in a state-court action may remove the action to a federal court. The governing provision is 28 U.S.C. § 1446(b), which specifies, in relevant part, that the removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]." The question presented is

Opposition to Motion to Remand
Page 7 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

> whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run. Or, may the 30-day period start earlier, on the named defendant's receipt, before service of official process, of a "courtesy copy" of the filed complaint faxed by counsel for the plaintiff?

*Id.* at 347. The supreme court ruled:

> We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

*Id.* at 347-48.

In reaching its decision, the Court explained that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* at 349. In *Murphy Brothers*, the United States Supreme Court overruled various federal circuit court cases which had concluded that the removal clock could be triggered by the defendant's receipt of a courtesy copy of the initial pleading even though formal service of the complaint and summons and not been properly effectuated. *See id.* at 349 n.2 (citing *Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839, 841 (5th Cir. 1996); *Roe v. O'Donohue*, 38 F.3d 298, 303 (7th Cir. 1994)).

Opposition to Motion to Remand
Page 8 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

Here, AIG Insurance Company removed the case on March 24, 2006. *See* Notice of Removal. As AIG Insurance Company's defense counsel formally accepted service of the complaint and summons on or about February 24, 2006, AIG Insurance Company timely removed this case within 30 days (i.e., actually 28 days) after formal service of process was effectuated. *See* Notice of Removal at 2; Affidavit of Counsel. Given the supreme court's ruling in *Murphy Brothers*, Erkins' argument that AIG Insurance Company's removal was improper because it did not remove the case within 30 days after it received an informal courtesy copy of the complaint is wholly without merit. The Court should therefore deny Erkins' motion to remand.

Alternatively, AIG Insurance Company's removal was also timely because by removing the case on March 24, 2006, the removal occurred within 30 days from the time in which the case became removable. "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]" 28 U.S.C. § 1446(b); *see also Wilson v. General Motors Corp.*, 888 F.2d 779 (11th Cir. 1989) (stating that when the plaintiff's complaint named fictitious defendants whose citizenship or residence was unknown, the time limitation on seeking removal began to run when the plaintiff admitted that none of the fictitious defendants existed).

Opposition to Motion to Remand
Page 9 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

Here, the state court gave Erkins until March 7, 2006, to formally serve all of the defendants. *See* Court Order Dated 11/07/05. Since Erkins was claiming in his complaint that there were "AIG Alaska Representatives" that were Alaska residents, it was not formally apparent until after the court's deadline of March 7, 2006 expired, and Erkins had failed to serve the non-existent "AIG Alaska Representatives," that this case only involved Erkins and AIG Insurance Company, i.e., two diverse parties. Because Erkins and AIG Insurance Company were diverse, after March 7, 2006, this case became removable and AIG Insurance Company timely removed the case within 30 days (i.e., on March 24, 2006) after the case became removable (i.e., after March 7, 2006).

### III. Federal Courts Are Authorized To Address State Law Issues

Erkins argues that the Court should remand the case because the complaint addresses exclusively state law issues and the Alaska Supreme Court is more competent at addressing state law issues. *See* Motion to Remand at 2 n.5, 5. Erkins' argument is not persuasive for multiple reasons.

Federal courts sitting in diversity jurisdiction may address issues of state law and are required to apply the substantive law of the forum state. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 77-79 (1938). In the absence of controlling forum state law, a federal court sitting in diversity must use its own best judgment in predicting how the state's highest court would decide the case. *See Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 434-435 (9th Cir. 1978); *Robinson v. United States*, 518 F.2d 1105, 1108 (9th

Opposition to Motion to Remand
Page 10 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

Cir. 1975); *see also Fields v. Legacy Health System*, 413 F.3d 943, 950 (9th Cir. 2005). Thus in this case, this Court sitting in diversity jurisdiction, is authorized to resolve issues involving Alaska state law.

Moreover, in his motion to remand, Erkins has failed to explain why an Alaska state court is needed to resolve any claims at issue in this case. *See* Motion to Remand at 1-6. Erkins has not articulated any novel claim that this Court is not competent to address or that the Alaska Supreme has not already addressed. *See id.* at 5. In fact, in a footnote, Erkins notes that the Alaska Supreme Court in *Government Employees Ins. Co. v. Graham-Gonzalez*, 107 P.3d 279, 287 (Alaska 2005), expressly held that held that the Alaska statute (AS 21.89.020) requiring that insurers "shall offer" UIM coverage, did not require that application forms also state the amount of the premium. *See* Motion to Remand at 2 n.1. Alaska Statute 21.89.020(e), expressly addresses what is required to waive UIM insurance. Thus, this Court has ample authority to address any legal questions that arise in this case. But, even if there were novel issues, this Court is authorized to resolve these questions on its own, i.e., by using its own best judgment in predicting how the state's highest court would decide the case. *See Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 434-435 (9th Cir. 1978). This Court would be in the exact same position as an Alaska trial court would be in resolving these issues. Moreover, under Alaska Rule of Appellate Procedure 407(a), this Court could certify any legal

Opposition to Motion to Remand
Page 11 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

questions to the Alaska Supreme Court in the unlikely event that it became necessary to do so. *Smith v. Ingersoll-Rand Co.*, 14 P.3d 990, 990 (Alaska 2000).

In sum, Erkins has failed to demonstrate that this Court will be asked to address any novel legal issues. But, even if any novel legal issues arise, this Court is authorized to resolve any of these issues. And, in any event, none of these hypothetical issues are reasons to find that the removal was improper and that remand is warranted. The Court should therefore deny Erkins' motion to remand.

### IV. A Defendant Is Entitled To Remove A Case To Federal Court Irrespective Of The Plaintiff's Wishes

Erkins argues that because "a plaintiff is the master of his or her case," and Erkins elected to file state law causes of action in state court, it is improper for AIG to remove the case. *See* Motion to Remand at 4-5. Erkins' argument is inapposite.

There is no dispute that a plaintiff is the master of his complaint. But, "although the plaintiff is master of the complaint and may rely on either federal or state law to define his or her cause of action, and thereby control the forum for the complaint's adjudication, it is also an accepted rule that the plaintiff cannot defeat removal by masking or 'artfully pleading' a federal claim as a state claim." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1403 (9th Cir. 1988) (quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3722 (1985)). Moreover, even when a plaintiff only pleads a state law claim, a defendant may nonetheless lawfully remove the case if the

Opposition to Motion to Remand
Page 12 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

federal court has jurisdiction of the case under 28 U.S.C. § 1332(a). Federal courts have jurisdiction over state law based cases if the amount in controversy exceeds $75,000 and the parties are diverse. *See* 28 U.S.C. § 1332(a).

Here, because the AIG Insurance Company and Erkins are diverse and the amount in controversy exceeds $75,000, AIG Insurance Company's removal of the case was proper. *See* Complaint; Answer. If the Court were to countenance Erkins' argument, no defendant would ever be able to remove a state law based case under 28 U.S.C. § 1332, even though the parties are diverse and the amount in controversy exceeds $75,000. The United States Congress expressly allowed federal courts to have jurisdiction both when the case involves federal issues, *see* 28 U.S.C. § 1331, and when the parties are diverse and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Because the AIG Insurance Company and Erkins are diverse and the amount in controversy exceeds $75,000, AIG Insurance Company's removal of the case was proper. *See* Complaint; Answer. Erkins' "master of his complaint" argument is inapposite and the Court should therefore deny his motion to remand.

**V.      AIG Has Met Its Burden Of Proof Of Demonstrating Removal Was Proper**

Erkins finally argues that AIG bears the burden of establishing the propriety of removal and that AIG's removal was improper because its notice of removal was defective. *See* Motion to Remand at 2-3, 5-6. Erkins reasons that AIG did not meet its

Opposition to Motion to Remand
Page 13 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

burden of proof because AIG did not expressly state in its petition when it was served. *Id.* at 3. Erkins' motion is legally incorrect and factually misleading. *Id.*

First, as a preliminary matter, the Court must deny Erkins' motion to remand on this point because Erkins' has failed to cite any on-point authority to support his argument that AIG's notice of removal was defective because it did not mention the date that the AIG Insurance Company was served with a copy of the summons and complaint. *See* Motion to Remand at 6. A motion must include the "authorities relevant to the relief requested." *See* D. Ak. LR 7.1(a)(2). "Failure to include proper materials in support of . . . a motion as required by this rule subjects the motion to summary ruling by the court. . . . If the failure is by the moving party, it may deemed an admission that the motion is without merit[.]" D. Ak. LR 7.1(d); *see also Nilsson, Robbins, Dalgarn, Berlinier, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988) ("If a brief fails to contain the contentions of the [plaintiff] with respect to the views presented, and fails to contain citations to authorities, statutes and the record, the issue is waived."); *Intertrust Technologies Corp. v. Microsoft Corp.*, 275 F. Supp. 2d 1031, 1051 (N.D. Cal. 2003) ("As far as the Court is concerned, the persuasiveness of an argument . . . is in direct proportion to the authorities on which it is premised. Necessarily this means that an argument that lacks appropriate supporting citations is no argument at all. Thus, Microsoft cannot be heard to complain that the Court has not adequately considered its arguments where these arguments are insufficiently supported by citations to evidentiary and/or legal

Opposition to Motion to Remand
Page 14 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

authorities.").[2]  Erkins' failure to provide the Court with the appropriate legal and factual authority demonstrating that he is entitled to relief mandates denial of his motion to remand.

Second, Erkins' argument is factually misleading.  *See* Motion to Remand at 3, 6. Contrary to the suggestion in Erkins' argument, the AIG Insurance Company stated in its notice of removal was timely because the AIG Insurance Company was removing the case within thirty days of receiving service of the complaint.  *See* Notice of Removal at 2.

Third, the failure to state the precise date upon which the defendants were served a copy of the complaint in the notice of removal is not dispositive.  For example, various courts have found remand is not warranted when the notice of removal does not state the exact date the defendants' were served, as courts may consider information outside of the notice of removal.  *See, e.g.*, *Margan v. Chemetron Fire Systems, Inc.*, 954 F. Supp. 1127, 1131 (E.D. Va. 1997) (The "court may look beyond the notice of removal and may consider [the] case as a whole to determine if removal is proper."); *Ellerbee v. Union Zinc, Inc.*, 881 F. Supp. 162, 166-67 (E.D. Pa. 1995) (concluding that defendant's removal notice was timely, notwithstanding plaintiff's contention that notice itself did not allege

---

[2]  Erkins may not attempt to cite new authority in his reply brief as he is solely limited to rebutting the legal or factual arguments raised in AIG's opposition.  *See* D. Ak. LR 7.1(b); *United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (noting that courts do not consider arguments raised for the first time in a reply brief); *Golden v. Pacific Maritime Ass'n*, 786 F.2d 1425, 1429 (9th Cir. 1986) ("appellants cannot raise a new issue ... in their reply briefs.").

Opposition to Motion to Remand
Page 15 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

that it was timely); *Cook v. Robinson*, 612 F. Supp. 187, 189-90 (E.D. Va. 1985) (concluding that to establish propriety of removal, defendants were simply required to make allegation of timeliness in petition).

When the evidence establishes that the removal was timely, remand is not warranted. *See Ellerbee*, 881 F. Supp. at 166-67. For example, courts may consider later filed affidavits to determine the propriety of removal. *See Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969) (court considered affidavits that were filed after the petition for removal was filed and explained that "[t]his material should have appeared in the petition for removal. However, for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits."). *Id.* at 407 n. 3.

Here, the AIG Insurance Company stated in its notice that removal was timely because the AIG Insurance Company was removing the case within thirty days of receiving service of the complaint. *See* Notice of Removal at 2. It is undisputed that the AIG Insurance Company removed the case within thirty days of receiving formal service. *See* Affidavit of Counsel. Under these circumstances, the Court should therefore deny Erkins' motion to remand.

Moreover, assuming solely for the sake of argument that AIG's notice of removal was defective, the appropriate remedy is not remand, but to allow AIG to amend its notice.

Opposition to Motion to Remand
Page 16 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. Here, pursuant to 28 U.S.C. § 1653, the Court should permit the AIG Insurance Company to amend its notice of removal to remedy any alleged defective allegations regarding the Court's jurisdiction due to the timeliness of the AIG's removal. *See* 28 U.S.C. § 1653; *ARCO Environmental Remediation, L.L.C. v. Department of Health and* 213 F.3d 1108, 1117 (9th Cir. 2000); *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969) (concluding that 28 U.S.C. § 1653 applies to removed actions as well as to those initiated in United States District Courts); *Holly Farms Corp. v. Taylor*, 722 F. Supp. 1152, 1156-57 (D. Del. 1989) (applying 28 U.S.C. § 1653 and noting that defective allegations of jurisdiction may be amended to notice of removal even though the time limit for removal has expired).

There has been no showing by Erkins that the AIG Insurance Company was formally served before February 24, 2006. *See* Motion to Remand at 1-6. It is undisputed that the AIG Insurance Company removed the case within 30 days of being formally served. Thus, to the extent AIG was required to state the exact date it was formally served in its notice to provide the Court jurisdiction, pursuant to 28 U.S.C. § 1653, and because it would be equitable and in the interests of justice to do so since Erkins has not shown that he would be prejudiced, the Court should deny Erkins' motion to remand and permit the AIG Insurance Company to amend its notice of removal.

Opposition to Motion to Remand
Page 17 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064 TMB

## CONCLUSION

For the reasons explained above, Erkins' motion to remand lacks merit and should be denied.

Dated at Anchorage, Alaska this 5th day of May, 2006.

>DELANEY WILES, INC.
>Attorneys for Defendant
>AIG Insurance Company
>
>s/Clay A. Young_____
>Delaney Wiles, Inc.
>1007 W. 3rd Ave., Ste. 400
>Anchorage, AK  99501
>907-279-3581
>907-277-1331 fax
>E-mail:      cay@delaneywiles.com
>Alaska Bar Assoc. No. 7410117

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served electronically on the 5th day of May, 2006, to:

Steven J. Shamburek
Law Office of Steven J. Shamburek
425 "G" Street, Suite 630
Anchorage, Alaska  99501


s/Clay A. Young_____
116161


Opposition to Motion to Remand
Page 18 of 18
Erkins v. AIG Ins. Co., et al.
Case No. 3:06-cv-00064  TMB