Steven J. Shamburek
Alaska Bar No. 8606063
LAW OFFICE OF STEVEN J. SHAMBUREK
425 G Street, Suite 630
Anchorage, Alaska 99501
shamburek@gci.net
(907) 522-5339 Direct

Attorney for Gregory T. Erkins

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| GREGORY T. ERKINS,           )<br>                              )<br>        Plaintiff,           )<br>                              )<br>    vs.                       )<br>                              )<br>AIG INSURANCE COMPANY, a      )<br>foreign corporation;          )<br>AIG ALASKA REPRESENTATIVES,   )  Case No. 3:06-cv-64-TMB<br>residents of Alaska,          )<br>                              )<br>        Defendants.           )<br>_____) | |

**REPLY TO OPPOSITION TO MOTION AND MEMORANDUM FOR REMAND**

COMES NOW plaintiff, Gregory T. Erkins, by and through counsel, and files this REPLY TO OPPOSITION TO MOTION AND MEMORANDUM FOR REMAND.

**Introduction**

Mr. Erkins brought the case in state court and seeks to remand the case to and resolve it in state court. The complaint involves exclusively state law statutory insurance issues asserted against Mr. Erkins' insurance company and against its designated AIG Alaska representatives.

**Discussion**

Mr. Erkins, through counsel, believes that AIG formally accepted service on February 23 or 24, 2006. The petition for

removal appears to have been filed within 30 days of both dates. However, such information must be set forth specifically in the petition for removal by the defendants rather than in an opposition filed in response to a motion for remand.

On May 9, 2005, the undersigned sent a letter to Ms. Cyndy Morton with AIG Insurance Company and attached an affidavit of Mr. Erkins dated May 9, 2005 and a copy of the state court complaint. Mr. Erkins states in pertinent part in the affidavit:

17. In late 1998, I noticed an advertisement on television for AIG insurance that claimed an individual could save hundreds of dollars. The advertisements are similar to the AIG advertisements that are running on television today.

18. Whenever I called AIG, I was directed to an individual who was described as an "Alaska agent."

19. When the Alaska agent asked me about my policies, I described to him my coverage at the time. I described to him my umbrella policy, but he said that although he could not provide an umbrella policy he could provide comparable protection. He provided a very appealing price that he said provided coverage "comparable to what I had with Allstate." He said that AIG was ranked very highly and would provide similar protection. I recall talking to this agent about fishing on the Kenai River for salmon.

20. Throughout my dealings with AIG, whenever I called AIG for advice or assistance, I always was told that I was being transferred to an Alaska agent to handle my questions.

21. I believed these Alaska agents engaged by AIG also were working with me and promoting my best interest.

Exhibit 1.[1]  Mr. Erkins did not have face-to-face meetings with an AIG agent, broker or representative in Alaska.  AIG appears not to maintain an office in the state of Alaska to sell insurance to the public.  Rather, when he called AIG, Mr. Erkins was connected by AIG representatives to talk with an "Alaska agent."  Mr. Erkins discussed the AIG insurance policies with individuals identified as an "Alaska agent."  These defendants are designated the "AIG Alaska Representatives" in the complaint.  They did not sign or join in the petition for removal.  The requirement that all defendants join in the petition for removal is known as the "unanimity requirement" or the "rule of unanimity."  Thus, the notice of removal is fatally deficient.

Mr. Erkins discussed some of the conversations he had with the Alaska agents at his deposition on September 22, 2005.  Exhibit 2.  Mr. Erkins agrees that the deposition was ". . . taken by agreement prior to service of the summons and complaint and without prejudice to take the deposition later. . . ."  <u>Id.</u>  AIG had an opportunity to determine which "Alaska agent" or agents discussed the insurance with Mr. Erkins.

Federal courts are capable of construing state law issues.  However, AIG has not shown that this court is better situated to address the state law issues in controversy.  AIG contends that

---

[1]  Mr. Erkins is not raising a new issue.  The motion for remand notes that the defendant has the burden of proof regarding the propriety of a petition for removal.  Mr. Erkins notes in footnote 1 of the motion that he presented the claim to AIG in the letter dated May 9, 2005.  AIG has not met its burden in the petition and/or in the opposition to prove that all defendants joined in the petition for removal despite having an opportunity to investigate.

3

the insurance policy had been reformed up to the limits of the bodily injury coverage previously purchased by the insured.  Mr. Erkins contends that the law reforms the policy to provide coverage up to the $1,000,000/$2,000,000 UM/UIM limits.  The most recent statement of the law in <u>Government Employees Insurance Co. v. Graham-Gonzalez</u>, 107 P.3d 279 (Alaska 2005), requires the insured to prove the amount of coverage he or she would have purchased had the insurer properly offered these limits.  There are other related issues that are proceeding in the state courts in other cases at this time.  These are matters that should be addressed by the state courts.  These matters do not require the consideration of any federal laws, statutes or policies.

## Conclusion

This court should respect the spirit of Justice Felix Frankfurter.  The federal courts have very broad and far reaching but nonetheless circumscribed jurisdiction.  Removal statutes are strictly construed in favor of state court jurisdiction.

All the defendants did not join the petition for removal. This requirement is absolute.

Plaintiff is undeniably the master of his case. Mr. Erkins desires to keep the case in state court, so he based the claim squarely on state law.  In addition, there are no underlying federal laws, statutes or policies at issue.

The burden of proof is dispositive.  Defendants have the burden of establishing the propriety of removal. Defendants have not met that burden under the circumstances.  For the reasons set

forth above and in the motion, Mr. Erkins seeks an order remanding this case to state court.

Dated this 15th day of May, 2006.

        LAW OFFICE OF STEVEN J. SHAMBUREK
        Attorney for Plaintiff
        Gregory T. Erkins

            s/ Steven J. Shamburek
        By:_____
        Steven J. Shamburek
        Alaska Bar No. 8606063
        LAW OFFICE OF STEVEN J. SHAMBUREK
        425 G Street, Suite 630
        Anchorage, Alaska 99501
        shamburek@gci.net
        (907) 522-53<u>39</u> Direct

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 15th day of May, 2006, a copy of the foregoing was served by the ECF system upon the following:

Mr. Clay A. Young
Delaney, Wiles, Hayes, Gerety, Ellis & Young, Inc.
1007 W. 3rd Avenue, Suite 400
Anchorage, Alaska  99501

s/ Steven J. Shamburek
_____
Steven J. Shamburek