IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGORY T. ERKINS,<br><br>            Plaintiff,<br><br>  vs.<br><br>AIG INSURANCE COMPANY, a foreign corporation; and AIG ALASKA REPRESENTATIVES, residents of Alaska<br><br>            Defendants. | Case No. 3:06-cv-64   TMB<br><br>O R D E R |

Plaintiff has moved for remand of this matter to state court.[1]  Defendant opposes the motion, and Plaintiff has replied.[2]

**Factual and Procedural Background**

On March 7, 2000, Plaintiff was involved in a vehicle accident with Sung K. Kim, which allegedly caused personal injury to Plaintiff, as well as property damage to his vehicle.  Plaintiff was insured by an AIG Insurance Company ("AIG") policy.  In his underlying Complaint, dated October 7, 2004, Plaintiff alleges that his insurance policy by AIG was offered and sold in violation of Alaska Statute 21.89.020( c), which requires that uninsured/underinsured motorist coverage ("UM/UIM") of $1,000,000/ $2,000,000 be offered unless waived in writing.[3]  Plaintiff alleges that AIG's failure to offer UM/UIM coverage, and failure to disclose its error in failing to do so, violated the Unfair Claims Settlement Practices Act and Regulations, AS §§ 28.20.445,

---

[1] Docket Nos. 8.

[2] Docket Nos. 10 and 11.

[3] Docket No. 6, Exhibit 1.

28.22.221, and/or 21.89.020( c), and violated the duty of good faith and fair dealing owed by AIG.[4] Plaintiff seeks a declaration of UM/UIM coverage, a declaration that policies insuring Plaintiff be reformed to comply with statutory requirements, arbitration of UM/UIM claims, full payment of UM/UIM claims, compensatory damages, costs, interest and attorney fees.[5]

A Notice of Removal of Case from State Court was filed on March 24, 2006.[6] Defendant AIG Insurance Company removed this action pursuant to 28 U.S.C. §1441(a) based on diversity of citizenship (28 U.S.C. § 1332).[7] Plaintiff seeks remand on a number of grounds.[8]

<u>Discussion</u>

Federal courts have jurisdiction over actions between parties that are diverse and in which the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a). An action is removable based on diversity jurisdiction where "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b). Plaintiff argues that the presence of "AIG Alaska Representatives" as defendants destroys diversity jurisdiction because these representatives are allegedly citizens of Alaska. However, Plaintiff has not served the "AIG Alaska Representatives." As the language of 28 U.S.C. §1441(b) implies, "a resident defendant who has not been served may be ignored in determining removability." 14B C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure, 3d. §3723, 624 (citing cases). Plaintiff Erkins is an Alaska resident. Properly served Defendant AIG Insurance Company is a corporation organized under the laws of the State of New York, with its principal place of business in New York.[9] The

---

[4]  <u>Id.</u>

[5]  <u>Id.</u>

[6]  Docket No. 1.

[7]  <u>Id.</u>

[8]  Docket Nos. 8 and 11.

[9]  Docket No. 1.

amount in dispute exceeds $75,000. This Court thus has jurisdiction pursuant to 28 U.S.C. §1332(a).

## Conclusion

For the foregoing reasons, the Motion to Remand at Docket No. 8 is DENIED.

Dated at Anchorage, Alaska, this 23rd day of August, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge
